**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 09-5101**

UNITED STATES OF AMERICA,

                 Plaintiff - Appellee,

     v.

DELANTE ROPER, a/k/a Puff, a/k/a Kevin,

                 Defendant - Appellant.

Appeal from the United States District Court for the Western District of Virginia, at Harrisonburg. Glen E. Conrad, District Judge. (5:08-cr-00039-GEC-2)

Submitted: December 29, 2010     Decided: February 17, 2011

Before MOTZ, GREGORY, and AGEE, Circuit Judges.

Affirmed by unpublished per curiam opinion.

R. Darren Bostic, BOSTIC & BOSTIC, PC, Harrisonburg, Virginia, for Appellant. Timothy J. Heaphy, United States Attorney, Ryan L. Souders, Assistant United States Attorney, Harrisonburg, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

A jury convicted Delante Roper of conspiracy to distribute five grams or more of cocaine base (count one), 18 U.S.C. §§ 841(a)(1), (b)(1)(A), 846 (2006), distribution of cocaine base (counts four and eight), 18 U.S.C. § 841(a)(1), (b)(1)(C), and possession with intent to distribute cocaine base (count ten), 18 U.S.C. § 841(a)(1), (b)(1)(C). He was sentenced to 360 months' imprisonment. On appeal, he argues that (1) there was insufficient evidence to support the jury's verdict as to counts one and ten; (2) the district court erred in denying him a reduction in his offense level for acceptance of responsibility; and (3) he was improperly classified a career offender. We affirm.

We review a district court's denial of a Fed. R. Crim. P. 29 motion de novo. United States v. Alerre, 430 F.3d 681, 693 (4th Cir. 2005). "A defendant challenging the sufficiency of the evidence to support his conviction bears a heavy burden." United States v. Beidler, 110 F.3d 1064, 1067 (4th Cir. 1997) (internal quotation marks omitted). A jury's verdict "must be sustained if there is substantial evidence, taking the view most favorable to the Government, to support it." Glasser v. United States, 315 U.S. 60, 80 (1942); see United States v. Perkins, 470 F.3d 150, 160 (4th Cir. 2006). Substantial evidence is "evidence that a reasonable finder of fact could accept as

2

adequate and sufficient to support a conclusion of a defendant's guilt beyond a reasonable doubt." Alerre, 430 F.3d at 693 (internal quotation marks omitted). We consider both circumstantial and direct evidence, drawing all reasonable inferences from such evidence in the Government's favor. United States v. Harvey, 532 F.3d 326, 333 (4th Cir. 2008). In resolving issues of substantial evidence, we do not reweigh the evidence or reassess the factfinder's determination of witness credibility, see United States v. Brooks, 524 F.3d 549, 563 (4th Cir. 2008), and "can reverse a conviction on insufficiency grounds only when the prosecution's failure is clear." United States v. Moye, 454 F.3d 390, 394 (4th Cir. 2006) (en banc) (internal quotation marks omitted).

To prove a drug conspiracy, the Government is required to show: "(1) an agreement between two or more persons to engage in conduct that violates a federal drug law, (2) the defendant's knowledge of the conspiracy, and (3) the defendant's knowing and voluntary participation in the conspiracy." United States v. Kellam, 568 F.3d 125, 139 (4th Cir.) (internal quotation marks and citation omitted), cert. denied, 130 S. Ct. 657 (2009). "The existence of a tacit or mutual understanding is sufficient to establish a conspiratorial agreement, and the proof of an agreement need not be direct--it may be inferred from circumstantial evidence." Id. (internal quotation marks and

citation omitted). "After a conspiracy is shown to exist, . . . the evidence need only establish a slight connection between the defendant and the conspiracy to support [the] conviction." Id. (internal quotation marks omitted).

With respect to count ten, the Government was required to prove "(1) possession of the controlled substance; (2) knowledge of the possession; and (3) intent to distribute." See United States v. Hall, 551 F.3d 257, 267 n.10 (4th Cir. 2009). We have reviewed the transcript of the jury trial in light of Roper's arguments on appeal and we conclude that sufficient evidence supports the jury's verdict as to both counts one and ten.

A sentence is reviewed for reasonableness under an abuse of discretion standard. Gall v. United States, 552 U.S. 38, 51 (2007). This review requires consideration of both the procedural and substantive reasonableness of a sentence. Id.; see United States v. Lynn, 592 F.3d 572, 575 (4th Cir. 2010). After determining whether the district court properly calculated the defendant's advisory Guidelines range, we must decide whether the district court considered the 18 U.S.C. § 3553(a) (2006) factors, analyzed the arguments presented by the parties, and sufficiently explained the selected sentence. Lynn, 592 F.3d at 575-76; see also United States v. Carter, 564 F.3d 325, 330 (4th Cir. 2009) (holding that, while the "individualized

4

assessment need not be elaborate or lengthy, . . . it must provide a rationale tailored to the particular case . . . and [be] adequate to permit meaningful appellate review"). Properly preserved claims of procedural error are subject to harmless error review. Lynn, 592 F.3d at 576.

Roper first contends that the district court erred in denying him a reduction in his offense level for acceptance of responsibility under U.S. Sentencing Guidelines Manual § 3E1.1 (2008). Roper argues that he was entitled to the reduction because he admitted to the probation officer that he distributed cocaine base and he "freely admitted that he was involved in the drug distribution trade" even though "in his view he was not really a member of the conspiracy."

We review a district court's decision to deny an adjustment for acceptance of responsibility for clear error. United States v. Dugger, 485 F.3d 236, 239 (4th Cir. 2007). Pursuant to USSG § 3E1.1, a reduction for acceptance of responsibility is appropriate "[i]f the defendant clearly demonstrates acceptance of responsibility for his offense"; it "is not intended to apply to a defendant who puts the government to its burden of proof at trial by denying the essential factual elements of guilt, is convicted, and only then admits guilt . . . ." USSG § 3E1.1, cmt. n.2. However, a conviction by trial "does not automatically preclude a defendant" from such

5

an adjustment, and in "rare" situations, such as where "a defendant goes to trial to assert and preserve issues that do not relate to factual guilt," the adjustment may be appropriate. Id. Under the facts of this case, we find no clear error in the district court's denial of the reduction based on acceptance of responsibility.

Last, Roper challenges his career offender status. We review de novo the district court's classification of Roper as a career offender and review for clear error its factual findings. United States v. Farrior, 535 F.3d 210, 223 (4th Cir. 2008). Pursuant to USSG § 4B1.1(a), a defendant is a career offender if:

> (1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense.

USSG § 4B1.1(a).

In designating Roper a career offender, the probation officer relied on Roper's prior convictions for (1) distribution of cocaine/possession with intent to distribute cocaine in 1992-93; and (2) possession with intent to distribute cocaine in 2003. Roper does not dispute that the prior convictions are controlled substance offenses or that they carried sentences exceeding one year and one month; rather, he argues the 1992-93

6

convictions were not imposed "within fifteen years of [his] commencement of the instant offense," or "resulted in [him] being incarcerated during any part of such fifteen-year period," as required under USSG § 4A1.2(e)(1). He points to the fact that the 1992-93 convictions had a sentencing date just eleven days within the fifteen-year time frame and that the presentence report does not state the date of conviction, only the date of arrest (June 20, 1992) and sentence (July 29, 1993). He therefore argues that the district court had insufficient basis to conclude that his 1992-93 convictions were within the requisite time period.

We conclude the 1992-93 controlled substance convictions fall within the requisite time frame and were properly counted for purposes of the career offender guideline. A conviction counts in the computation of criminal history if the defendant was "incarcerated during any part" of the period "within fifteen years of the defendant's commencement of the instant offense." USSG § 4A1.2(e)(1). Roper was sentenced to incarceration not to exceed three years on July 29, 1993, and he was released from custody on February 11, 1995, after serving not less than sixteen months. The present offense of conviction commenced no later than July 18, 2008, approximately thirteen years and five months after Roper's release from incarceration on his 1992-93 convictions. Accordingly, Roper's 1992-93

7

convictions were properly counted and served as predicate convictions for his career offender designation.

Accordingly, we affirm Roper's convictions and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>